**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-3046
_____

ANGEL ALFONSO GARCIA URAGA;
MILUSKA GUERRERO,

 Petitioners

v.

ATTORNEY GENERAL OF THE UNITED STATES,

 Respondent

_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency Nos. A088-230-949, A088-230-947)
Immigration Judge: Honorable Eugene Pugliese

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
April 11, 2012
Before: FISHER, WEIS and BARRY, <u>Circuit</u> <u>Judges</u>
(Opinion filed: April 13, 2012)
_____

OPINION
_____

PER CURIAM.

 Before us is a timely petition for review of a Board of Immigration Appeals (BIA)

decision denying the petitioners' motion to reconsider. For the following reasons, we

will deny the petition in part and dismiss it in part.

1

I.

Petitioners Angel Alfonso Garcia Uraga ("Garcia") and Miluska Guerrero ("Guererro") are husband and wife. He is a native and citizen of Mexico, she a native and citizen of Peru; he was charged with removability for entering the United States without inspection (8 U.S.C. § 1182(a)(6)(A)(i)), while she was charged with overstaying her visa (8 U.S.C. § 1227(a)(1)); he applied for cancellation of removal pursuant to 8 U.S.C. § 1229b(b), while she requested voluntary departure.[1] Administrative Record (A.R.) 435–42, 471–72, 519–20. The presiding Immigration Judge (IJ) denied all relief, determining (inter alia) that the petitioners had not shown that their daughter Arianna, a United States citizen, would suffer "exceptional and extremely unusual hardship" if they were to be removed from the United States. A.R. 64; see also 8 U.S.C. § 1229b(b)(1)(D).

The petitioners pursued a direct appeal with the BIA, arguing that the IJ "engaged in very minimal analysis" and "abused his discretion in not considering the relevant [hardship] factors" described by BIA precedent. A.R. 38–40. The factors cited in the appellate brief related almost exclusively to Garcia's ability to find meaningful work in Mexico, as well as to Garcia's close connection to the United States (and his comparable lack thereof to Mexico). See, e.g., A.R. 37, 39. To the extent that the brief discussed Arianna, it noted only that she was "unfamiliar[] with the Spanish language," and posited

---

[1] While Guererro is ostensibly participating in this petition for review, no relief relating to the denial of voluntary departure is requested (or, for that matter, was implicated by the motion for reconsideration), and we accordingly will not discuss the matter further.

2

that her quality of life would be adversely affected by her father's "return to subsistence farming" in Mexico. A.R. 39–40. Ultimately, the appeal was dismissed, as the BIA decided that Garcia had "not met the high threshold required to show exceptional and extremely unusual hardship." A.R. 25 (decision dated Apr. 8, 2011).

Garcia did not petition for review of this decision; instead, he timely requested that the BIA reconsider its outcome, as it had allegedly "overlooked" pertinent facts. A.R. 14. The evidence in question included medical reports stating that Arianna suffered from an assortment of maladies. See, e.g., A.R. 16. Garcia also alleged that the BIA failed to address an inconsistency in the IJ's determination of the petitioners' ability to stay together as a couple, given their differing countries of citizenship. See, e.g., A.R. 17. Despite being addressed to the BIA, the motion for reconsideration primarily attacked the underlying IJ decision. Concluding that the motion did "not identif[y] any error of fact or law in the Board's previous detailed decision," the BIA denied relief. A.R. 3 (decision dated July 20, 2011). This petition for review, which was timely filed from the denial of reconsideration only,[2] followed on July 28, 2011.

II.

The Government argues that we lack jurisdiction to consider this petition for review. Br. for Respondent 14; see also In re Knapper, 407 F.3d 573, 580 n.15 (3d Cir. 2005) (observing that a Court must determine whether it has jurisdiction before reaching

---

[2] See Stone v. INS, 514 U.S. 386, 405 (1995) (the finality of a removal order is not affected by the subsequent filing of a motion to reconsider); Castro v. Att'y Gen., No. 10-3234, ___ F.3d ___, 2012 WL 456530, at *5 (3d Cir. Feb. 14, 2012).

the merits of a case). In the context of petitions for review of BIA decisions, a court of appeals lacks jurisdiction over denials of "discretionary relief," a category that explicitly encompasses applications for cancellation of removal. See 8 U.S.C. § 1252(a)(2)(B)(i); Mendez-Moranchel v. Ashcroft, 338 F.3d 176, 179 (3d Cir. 2003) ("[W]e lack jurisdiction to review . . . whether the [agency was] correct in determining that [the petitioner did] not meet the hardship requirements for cancellation of deportation."). Reconsideration motions fare the same, so long as "the question presented is essentially the same discretionary issue originally decided." Fernandez v. Gonzales, 439 F.3d 592, 600 (9th Cir. 2006); see also Alzainati v. Holder, 568 F.3d 844, 849 (10th Cir. 2009) (collecting cases in the context of motions to reopen). Despite this jurisdictional limitation, we may nevertheless review "constitutions claims or questions of law raised upon a petition for review." 8 U.S.C. § 1252(a)(2)(D); Papageorgiou v. Gonzales, 413 F.3d 356, 358 (3d Cir. 2005); see also Mudric v. Att'y Gen., 469 F.3d 94, 97–98 (3d Cir. 2006). Thus, to the extent that we have jurisdiction under 8 U.S.C. § 1252(a), we review whether the BIA, in exercising its discretion, violated a constitutional provision or other rule of law. See Borges v. Gonzales, 402 F.3d 398, 404 (3d Cir. 2005).

III.

Garcia argues first that the BIA's merits decision was incorrect, and thus that it erred by denying reconsideration. However, the "errors" that he points to are, for the most part, errors allegedly made by the IJ; indeed, Garcia's motion for reconsideration also primarily cited IJ errors. As a motion for reconsideration must "state the reasons for

4

the motion by specifying the errors of fact or law in the prior *Board* decision," 8 C.F.R. § 1003.2(b)(1) (emphasis added), we agree with the BIA that Garcia failed to "identify any error of fact or law in the *Board's* previous decision." A.R. 3 (emphasis added). Accordingly, the BIA correctly applied the applicable standard in ruling on the reconsideration motion.

Garcia also suggests that the BIA erred in ignoring information pertaining to Arianna's psychological evaluation. To the extent that Garcia asks us to address the agency's denial of discretionary relief, we lack jurisdiction to review this claim. To the extent that he alleges a failure to comply with the governing regulations or law pertaining to motions for reconsideration, we agree with the Government that Garcia's claim suffers from a fatal flaw: he failed to raise the issue of the psychological evaluation on direct appeal. As the BIA was not made aware of any problems with the use of the report on direct appeal, it did not err in declining to reconsider on this ground.

Finally, Garcia argues that the "principles of fundamental fairness were violated" by the BIA's decision, because the IJ "failed to fully consider the exceptional and extremely unusual hardship" that Arianna would suffer. While clothed in the language of the Constitution, this claim appears to be an attempt to elicit our review of the BIA's discretionary determination, which (as stated *supra*) we lack jurisdiction to do. See Jarbough v. Att'y Gen., 483 F.3d 184, 188–89 (3d Cir. 2007).

## IV.

For the foregoing reasons, we lack jurisdiction over the majority of this petition

5

for review.  To the extent that we have jurisdiction, we conclude that the BIA did not abuse its discretion and made no error of law in rejecting the petitioners' motion for reconsideration.  Accordingly, the petition for review will be dismissed in part and denied in part.